Exhibit A

1   Carla V. Minnard (State Bar No. 176015)
    THE MINNARD LAW FIRM
2   4200 PARK BLVD., #149
    OAKLAND, CA 94602
3   Tel: 510-479-1475
    Fax: 415-358-5588
4
    Attorneys for Plaintiff
5   JEFFREY MILLER

6

7

8                IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    IN AND FOR THE COUNTY OF YOLO

10
    JEFFREY MILLER,                          )  Case No.: CV18-2467
11                                           )
              Plaintiff,                     )  COMPLAINT FOR:
12                                           )
         vs.                                 )  1. DISABILITY DISCRIMINATION
13                                           )
    JOHN MILLER, DAVID MILLER, MILLER        )  2. WRONGFUL TERMINATION IN
14  PANELING SPECIALTIES, INC., MPS          )     VIOLATION OF PUBLIC POLICY
    Plastic Wall Products, Inc. d/b/a Miller )
15  Paneling Specialties, Inc. and DOES 1    )  3. RETALIATION
    through 100, inclusive,                  )
16                                           )  4. FAILURE TO ACCOMMODATE
              Defendants.                    )
17                                           )  5. INTENTIONAL INFLICTION OF
                                             )     EMOTIONAL DISTRESS
18                                           )
                                             )  6. NEGLIGENCE
19                                           )
                                             )  7. BREACH OF ORAL AGREEMENT
20                                           )
                                             )  8. FAILURE TO PREVENT AND
21                                           )     CORRECT DISCRIMINATION &
                                             )     HARASSMENT
22                                           )
                                             )  9. DEFAMATION
23                                           )
24                                           )
25                                           )
26  _____

27      COMES NOW Plaintiff Jeffrey Miller and alleges as follows:

28                    **GENERAL ALLEGATIONS**

                         COMPLAINT - 1

1      1.    At all material times herein, plaintiff Jeffrey Miller ("Plaintiff") was an individual residing and/or working in the State of California.  He currently resides in St. Maries, Idaho, having sold his California home in or about August 2018 and moved out of State.

      2.    At all relevant times, Defendant MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc. ("MPS/PWP") was and now is a corporation existing, doing business, and employing individuals in the County of Yolo, State of California.  At all relevant times, Defendant Miller Paneling Specialties, Inc. ("MPS, Inc.") was and now is a corporation existing, doing business, and employing individuals in the County of Yolo, State of California.  Both entity defendants are collectively referred to as "MPS."  At all relevant times, Defendant John Miller was and now is believed to be a resident of the state of Virginia, and the CEO of MPS.  Defendant David Miller (John Miller's son) was and now is believed to be a resident of the State of California, County of Yolo.

      3.    The true names and capacities of Defendants Does 1 through 100, inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at the time of filing this Complaint, and Plaintiff therefore sues said Defendants by such fictitious names and will ask leave of court to amend this Complaint to show their true names or capacities when the same have been ascertained.

      4.    Plaintiff is informed and believes, and based thereon alleges, that each of the Doe Defendants is, in some manner, responsible for the events and happenings herein set forth and proximately caused injury and damages to Plaintiff as herein alleged.

5.    At all times herein mentioned, the Defendants were acting as the agents and/or employees of each of the remaining Defendants and were, at all times herein mentioned, acting with the scope of said agency and employment, except where alleged or contended otherwise.

6.    Whenever in this Complaint reference is made to any act of Defendants, such allegations shall be deemed to mean all named Defendants and Does 1 through 100, or their officers, agents, managers, representatives, employees, heirs, assignees, customers and tenants, did or authorized such acts while actively engaged in the operation, management, direction or control of the affairs of Defendants and while acting within the course and scope of their duties.

7.    At all relevant times herein, Plaintiff was an employee covered under ADA 42 USC §§12101-12213; Title VII, California Government Code §§12940 et seq.,; and under the California Constitution,  prohibiting discrimination in employment on the basis of disability, and race.

8.    At all relevant times herein, Defendants were employers within the meaning of Title VII of Civil Rights Act of 1964; the ADA; California Government Code §§12940 et seq; and under the California Constitution, and, as such, were barred from discriminating in employment decisions on the basis of disability as set forth in Title VII of the Civil Rights Act of 1964; California Government Code §§12940 et seq.,; and under the California Constitution, Government Code §§12940 et seq.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9.    On or about September 18th, 2018 Plaintiff filed a timely charge of discrimination with the California Department of Fair Employment and Housing.  An Amended Complaint was filed with the California Department of Fair Employment and Housing on or

COMPLAINT - 3

about November 29, 2018, correcting a typographical error in the name of the employer entity

defendant, and further amendments were made to that complaint on December 21st, 2018 to add

an additional complainant and correct Plaintiff's residence.  Plaintiff received his right to sue

notice on or about September 18th, 2018, a copy of which is attached hereto as Exhibit A, and

which includes the final amended complaint dated December 21st, 2018.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over all causes of action asserted herein, and the

amount in controversy exceeds the jurisdictional minimum of this Court.

11.     DEFENDANTS, and each of them, are subject to the jurisdiction of this Court

by virtue of their dealings and transactions in Yolo County and by having caused injuries

through their acts and omissions within this County to render the exercise of jurisdiction by this

Court permissible under traditional notions of fair play and substantial justice.  Venue is proper

in this Court because MPS has one of it's main offices in this county, some of Plaintiff's work

and much of Defendants' work is or was performed in this County, the DEFENDANT DAVID

MILLER resides in Yolo County, and because a substantial portion of the events, acts,

omissions and transactions complained of herein occurred in this County. Code of Civ. Proc.

395(a); Turner v. Simpson (1949) 91 Cal.App.2d 590, 591.


## FACTUAL ALLEGATIONS

12.     Plaintiff was employed with Defendant MPS for more than 30 years, from

October 1989 until approximately January 4th 2018.   At the time he was fired, Mr. Miller's

annual base salary was approximately $82,000.00.  In addition to his base salary, Mr. Miller

also received a comprehensive benefits package, including medical, dental, vision, and long-

term disability insurance and 6 weeks of paid vacation/ETO per year.   He was also owed approximately $500,000.00 by MPS for his remaining interest in a third party company (Life Science Products), which was never fully paid to him.

13.     During his work for MPS, Plaintiff worked in virtually every role imaginable in his 30 years, including installer, estimator, project manager, foreman, general foreman, superintendent and consultant.  Plaintiff worked selflessly for MPS – which was owned and operated by his brother and nephew respectively – for almost his entire adult life.  During his employment, Plaintiff was the driving force and leader on countless multi-million dollar projects including MPS projects at Dignity Health in Sacramento, New York University, the University of Atlanta and University of Washington science department projects and – shortly before he was fired - an MPS project in Mexico City where MPS was hired to build a BL3 laboratory for the Mexican Government.

14.     During his nearly three decades of employment, Plaintiff regularly missed holidays with his family, often spending the holidays on the road working on some MPS project. After decades of very hard physical labor for MPS, Plaintiff's body began to break down.   Plaintiff continued working despite being in tremendous physical pain caused by decades of repetitive work injuries and physical trauma, and he did whatever he could to keep MPS profitable and move projects towards completion.  It was not unusual for Plaintiff to work 14 hour days and weekends, after having travelled thousands of miles to a particular project. On the days when he was in significant pain, he would try alternate strategies to keep the work moving forward, including carrying boards on his head when his hands became too painful to grip.   At all times during his employment, Plaintiff was a selfless and dedicated hard worker, a strong performer and a valuable asset to MPS.

COMPLAINT - 5

Unfortunately, everything changed after his health and physical ability began to decline and after he insisted on filing a worker's compensation claim for those injuries.

15.     In the roughly 30 years he worked for MPS, Plaintiff consistently and routinely worked 70-80 hours a week, often more. He also was "on the road" for more than half the year regularly, travelling to places as far as New York, Florida and Mexico. The grueling physical labor combined with the constant long-distance travel eventually began to take its toll. Although symptoms began to appear as early as 2013, it was not until 2016/2017 that Plaintiff's health began to seriously decline. His injuries and current disabilities are all caused by years of overuse and repetitive trauma in connection with his work for MPS, facts which have been confirmed by MPS's own physician.

16.     MPS was on notice of Mr. Miller's serious medical condition since at least early 2016. Plaintiff gave notice to MPS of his medical condition during a lengthy meeting in Virginia, attended by himself, his son Austin, and MPS's CFO Derrick Matthews. It was agreed during this meeting that – as an accommodation to Plaintiff's medical condition/disability, he would be permitted to work a modified schedule consisting of 3 weeks on/3 weeks off. Although MPS agreed to this modified schedule, they never actually permitted Mr. Miller to work it, insisting that he continue to fly all over the country and work as he had before. As a direct result of MPS refusing to honor the modified work agreement, Mr. Miller's health and condition continued to deteriorate and was exacerbated.

17.     In or about Thanksgiving in 2017, and during a time when he was supposed to be off work, Plaintiff received a call from Defendant David Miller demanding that he return to a project he had previously been working on in Mexico. Plaintiff advised David Miller that he could not return to Mexico – or any job – until he recovered. Plaintiff further advised David

Miller that he was unable to grasp anything and that his hands were in excruciating pain. David Miller became angry, and ended the call with Plaintiff by hanging up on him. Plaintiff then called MPS' office and asked for a worker's compensation form. He spoke with John Miller's son-in-law and MPS' CFO, Derrick Matthews. Derrick said he could not give him a form but had to discuss it with David Miller first. Plaintiff followed up on this request repeatedly - but was always told that the forms were "still sitting on David's desk" and MPS made it clear to Plaintiff in no uncertain terms that he would not be receiving a worker's compensation form. Jeff Miller's wife, Mary Miller, also called Defendant David Miller and advised him that his Plaintiff was suicidal because of the unrelenting pain and pressure from him and his Father (Defendant John Milelr) to continue to work despite his declining health and disabling pain. David Miller's callous response to Mrs. Miller was "this is business."

18. On December 2nd, 2018, Plaintiff could no longer tolerate the pain and he was taken to urgent care by his wife. En route to urgent care, both John Miller and David Miller called Jeff. They told him repeatedly that he could not "put this on worker's comp" and instructed him – as they had done for decades – to use "your own insurance" and company credit card to cover any out of pocket expenses, "even if you have to max it out." Jeff Miller responded that he was not willing to do that, and he advised them that he was going to tell the doctor that this was work related. Both David Miller & John Miller expressed their anger at Plaintiff's statement that he was going to pursue a worker's comp claim and they were audibly upset that he refused to keep going along with their illegal instructions to hide his industrial injury.

One month later – after almost 30 years of dedication and selfless hard work – MPS fired Plaintiff based on some trumped up excuse that was nothing more than a pretext to cover

COMPLAINT - 7

up the real reason they fired him, which was because of his insistence on filing a worker's compensation claim and his declining health.

## FIRST CAUSE OF ACTION

### DISABILITY DISCRIMINATION (ADA) & CAL. GOVT. CODE 12940(a)

**(Against Defendants MILLER PANELING SPECIALTIES, INC., MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc. and DOES 1 through 100 inclusive)**

19.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 18, inclusive, as though fully set forth herein.

20.    The ADA, codified in 42 USC §§12101-12213 makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability. The Fair Employment and Housing Act ("FEHA") codified in *Govt. Code §§12900, et seq.,* makes it unlawful for an employer to discriminate against an employee on the basis of the employee's disability.

21.    Defendants engaged in unlawful employment practices in violation of the ADA/FEHA  by terminating Plaintiff from his position on the basis of his disability, failing to honor the accommodations originally discussed and agreed upon to address his physical conditions and declining health, failing to engage in the interactive process to determine if Plaintiff could be given a reasonable accommodation and failing to provide Plaintiff with a reasonable accommodation, and failure to enter into the interactive process in a meaningful way. Plaintiff is informed and believes and based thereon alleges that his disability was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against him, in violation of the ADA/FEHA.

COMPLAINT - 8

22.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

23.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

24.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of Plaintiff's rights and Plaintiff is therefore entitled to punitive damages, under ADA/FEH, in an amount according to proof at the time of trial.

## SECOND CAUSE OF ACTION

### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

**(Against Defendants MILLER PANELING SPECIALTIES, INC., MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc and DOES 1 through 100 inclusive)**

25.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 24, inclusive, as though fully set forth herein.

26.     Defendants, and each of them, were motivated to terminate Plaintiff's employment on grounds that violate the ADA, the California Government Code (FEHA), the California Labor Code and/or California public policies against terminating an employee in violation of the ADA.

27.     Defendants, and each of them, were motivated to terminate Plaintiff's employment because he took time off related to his medical condition/disability, which conduct

COMPLAINT - 9

violates the ADA; Title VII; the California Labor Code and the California Government Code, among others.

28.     Defendants, and each of them, were motivated to terminate Plaintiff's employment on grounds that violate California public policies against terminating an employee because he filed a claim for worker's compensation benefits.  (*Labor Code §132a*).

29.     Defendants, and each of them, were also motivated to terminate Plaintiff's employment on grounds that violate California public policies against terminating an employee based on or because of an actual or perceived disability and that violate the protections and rights afforded to Plaintiff by the California Constitution.

30.     Specifically, Defendants terminated Plaintiff's employment because of his medical condition, because his health was declining and further because he was insisting on pursuing his right to file for worker's compensation for those work-related injuries.

31.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

32.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

33.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages, according to proof at the time of trial.

**THIRD CAUSE OF ACTION**

**RETALIATION**

COMPLAINT - 10

**(Against Defendants MILLER PANELING SPECIALTIES, INC., MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc. and DOES 1 through 100 inclusive)**

34.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 33, inclusive, as though fully set forth herein.

35.    During his employment, Plaintiff engaged in the following legally protected activities:

Taking time off from work to deal with his serious medical condition/health/illness/disability; and

Insisting on filing a worker's compensation claim and disclosing to his medical providers that his condition(s) was/were work-related.

36.    Defendants terminated Plaintiff's employment.

37.    Plaintiff's protected activities, under Title VII, ADA, and/or the California Constitution, California Government Code (FEHA) and/or California Labor Code, were motivating factors for Defendants' decision to terminate Plaintiff's employment.

38.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

39.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

40.    In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages, under ADA, Title VII, and/or the California Constitution  according to proof at the time of trial.

COMPLAINT - 11

**FOURTH CAUSE OF ACTION**

**FAILURE TO ACCOMMODATE DISABILITY (ADA) AND CAL. GOVT CODE 12940**

**(Against Defendants MILLER PANELING SPECIALTIES, INC., MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc. and DOES 1 through 100 inclusive)**

41.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 40, inclusive, as though fully set forth herein.

42.    ADA [42 USC §12112(b)(5)(A); 29 CFR §1630.9 & Pt. 1630, App. §1630.9]; and California Government Code §12940(m) provides that it is unlawful for an employer to fail to make reasonable accommodation for the known physical disability of an employee.

43.    Defendants failed to make reasonable accommodation for Plaintiff's known disability (which disabilities included, among other things, carpal tunnel syndrome), and, instead of honoring the agreement they made with Plaintiff to modify his work schedule to permit 3 weeks on/3 weeks off, Defendants required Plaintiff to work a schedule which further injured him and which did not allow for his disability/medical condition.

44.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff's medical condition and health deteriorated further, and he has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

45.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

COMPLAINT - 12

46.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages, under ADA, according to proof at the time of trial.

## FIFTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(Against Defendants MILLER PANELING SPECIALTIES, INC., MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc. and DOES 1 through 100 inclusive)**

47.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 46, inclusive, as though fully set forth herein.

48.     The conduct of Defendants, and each of them, as set forth above was so extreme and outrageous that it exceeded the boundaries of a decent society and lies outside of the compensation bargain.  Said conduct was intended to cause severe emotional distress, or was done in conscious disregard of the probability of causing severe emotional distress.  Said conduct is also in violation of public policy.

49.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to suffer severe and continuous humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

50.     In doing the acts herein alleged, Defendants, and each of them, acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages according to proof at the time of trial.

## SIXTH CAUSE OF ACTION

### NEGLIGENCE

COMPLAINT - 13

**(Against Defendants MILLER PANELING SPECIALTIES, INC., MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc. DOES 1 through 100 inclusive)**

51.     Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 50, inclusive, as though fully set forth herein.

52.     Defendants, and each of them, knew or reasonably should have known, that the ADA, the FEHA, the Labor Code and the California Constitution required them to reasonably accommodate Plaintiff's disability and prohibited Defendants from terminating Plaintiff's employment because of Plaintiff's disability and/or Plaintiff's request for reasonable accommodation of his disability and/or because Plaintiff insisted on filing a worker's compensation claim for his industrial injuries.

53.     Defendants, and each of them, knew or reasonably should have known, that the ADA and/or the California Labor Code prohibited Defendants from terminating Plaintiff's employment because Plaintiff took time off to deal with his disability and serious health issue.

54.     At all relevant times, Defendants, and each of them, knew, or reasonably should have known, that the conduct, acts, and failure to act of their managers, supervisors, and agents violated Plaintiff's rights under the statutory and regulatory law of the State of California concerning disabled employees, which laws constitute public policy of the State of California.

55.     At all relevant times, Defendants, and each of them, knew, or reasonably should have known, that the incidents, conduct, acts and failures to act described above, would and did proximately result in physical and emotional injury to Plaintiff, including but not limited to loss of sleep, anxiety, tension, depression and humiliation.

COMPLAINT - 14

56.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

57.    As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff as suffered humiliation, emotional distress, and mental pain and anguish, all to his damage in an amount according to proof at the time of trial.

## SEVENTH CAUSE OF ACTION

### BREACH OF ORAL CONTRACT

### (Against All Defendants)

58.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 57, inclusive, as though fully set forth herein.

59.    In or about 2008/ early 2009, Plaintiff and Defendants began to jointly develop a proprietary new paneling system which later became marketed as Life Science Products.

60.    In consideration of his efforts in developing this new panel system, Plaintiff and Defendants agreed that Plaintiff would receive 20% of all monies earned by MPS on any project where LSP products/panels were used.  Plaintiff received one payment pursuant to this agreement, but elected to "bank" the remainder of his interest and earnings in LSP with the understanding that he would be paid those monies at his request/on demand.

61.    Subsequent to the making of this oral agreement, Plaintiff performed all obligations, conditions and covenants required of him by the agreement.

62.    Defendants failed to comply with their obligations under the oral agreement breached the agreement by failing to pay Plaintiff the agreed-to percentage of MPS profit from LSP jobs.

COMPLAINT - 15

63.     As a direct and proximate result of the breach of the agreement by Defendants, and each of them, Plaintiff has suffered and continues to sustain substantial losses in earnings and other employment benefits in an amount according to proof at the time of trial.

64.     As a proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has damages in excess of $400,000, the precise to be proven at the time of trial.

## EIGHTH CAUSE OF ACTION

### FAILURE TO PREVENT & CORRECT DISCRIMINATION & HARASSMENT *Cal. Govt. Code 12940(k)*

**(Against Defendants MILLER PANELING SPECIALTIES, INC., MPS Plastic Wall Products, Inc. d/b/a Miller Paneling Specialties, Inc. and DOES 1 through 100 inclusive)**

65.     The allegations set forth in paragraphs 1 through 64 above are alleged and incorporated herein by reference as if fully set forth.

66.     Plaintiff is informed and believes and thereon alleges that Defendants named herein failed to take all steps reasonably necessary to prevent discrimination and harassment from occurring.  Such conduct violates *Government Code, §12940(k)*.

67.     Such failure to act in violation of FEHA caused Plaintiff to be harassed and discriminated against, as set forth more fully hereinabove.

68.     Defendant's conduct legally and directly caused Plaintiff to suffer damages, including but not limited to, emotional distress damages, in excess of the minimum jurisdiction of this Court subject to proof at the time of trial.

69.     The aforepled conduct constitutes oppression, fraud or malice thereby entitling plaintiff to an award of punitive damages.  Defendants, acting through an officer, director or

COMPLAINT - 16

managing agent authorized or ratified the aforepled conduct giving rise to punitive damages, or was personally guilty of oppression, fraud or malice.

## NINTH CAUSE OF ACTION

### DEFAMATION

### (Against All Defendants)

70.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 69, inclusive, as though fully set forth herein.

71.    Plaintiff is informed and believes defendants, and each of them, by the herein-described acts, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited internal and external publications of defamation, of and concerning Plaintiff, to third persons and to the community. These false and defamatory statements included express and implied accusations that Plaintiff was a poor performer and that he was not competent in his profession, and that he was a "drug addict," among other defamatory statements.

72.    While the precise dates of these publications are not known to Plaintiff, he is informed and believes the publications started sometime after Plaintiff insisted on filing a worker's compensation claim, for the improper purpose of harassing Plaintiff and forcing him out of his position, which ultimately led to Plaintiff's wrongful and illegal termination.   These publications have continued even after Plaintiff's termination.   These publications were outrageous, negligent, reckless, intentional, and maliciously published and republished by defendants, and each of them. Plaintiff is informed and believes that the negligent, reckless, and intentional publications by defendants, and each of them, were and continue to be, foreseeably published and republished by defendants, their agents and employees, recipients,

COMPLAINT - 17

in the community. Plaintiff hereby seeks damages for these publications and all foreseeable republications discovered up to the time of trial.

73.    During the above-described time-frame, defendants, and each of them, conspired to, and in fact, did negligently, recklessly, and intentionally cause excessive and unsolicited publication of defamation, of and concerning Plaintiff, to third persons, who had no need or desire to know. Those third person(s) to whom these defendants published this defamation are believed to include, but are not limited to, other agents and employees of defendants, Plaintiff's attorney representing him in the worker's compensation proceeding and appeal, and each of them, and the community, all of whom are known to defendants, and each of them, but unknown with any greater specificity at this time to Plaintiff.

74.    The defamatory publications consisted of oral and written, knowingly false and unprivileged communications, tending directly to injure Plaintiff and Plaintiff's personal, business, and professional reputation. These publications included the following false and defamatory statements (in violation of Civil Code §§45 and 46(3)(5)) with the meaning and/or substance that Plaintiff:

a.  Defendants have told other MPS employees that Plaintiff was not competent and was a poor performer.

b.  Defendants have told other MPS employees and persons outside MPS (including insurance representatives and others) that Plaintiff used illegal drugs and that he was a "drug addict."

These and similar statements published by defendants, and each of them, expressly and impliedly asserted that Plaintiff was guilty of criminal conduct, was a drug user, was incompetent, and was a poor employee.

75.     Plaintiff is informed, believes and fears that these false and defamatory per se statements will continue to be published by defendants, and each of them, and will be foreseeably republished by their recipients, all to the ongoing harm and injury to Plaintiff's business, professional, and personal reputations. Plaintiff also seeks redress in this action for all foreseeable republications, including his own compelled self-publication of these defamatory statements.

76.     The defamatory meaning of all of the above-described false and defamatory statements and their reference to Plaintiff, were understood by these above-referenced third person recipients and other members of the community who are known to defendants, and each of them, but unknown to Plaintiff at this time.

77.     None of defendants' defamatory publications against Plaintiff referenced above are true.

78.     The above defamatory statements were understood as assertions of fact, and not as opinion. Plaintiff is informed and believes this defamation will continue to be negligently, recklessly, and intentionally published and foreseeably republished by defendants, and each of them, and foreseeably republished by recipients of defendants' publications, thereby causing additional injury and damages for which Plaintiff seeks redress by this action.

79.     Each of these false defamatory per se publications (as set forth above) were negligently, recklessly, and intentionally published in a manner equaling malice and abuse of any alleged conditional privilege (which Plaintiff denies existed), since the publications, and each of them, were made with hatred, ill will, and an intent to vex, harass, annoy, and injure Plaintiff in order to justify the illegal and cruel actions of defendants, and each of them, to cause further damage to Plaintiff's professional and personal reputation, to cause him to want

COMPLAINT - 19

to leave his position, and to retaliate against Plaintiff for his previous attempts to take protected leave and for filing a worker's compensation claim.

80.     Each of these publications by defendants, and each of them, were made with knowledge that no investigation supported the unsubstantiated and obviously false statements. On the contrary, MPS knew Plaintiff was a stellar performer, and that the statements made about Plaintiff critical of his performance were without merit.  MPS also knew that Plaintiff was not a "drug addict."  The defendants published these statements knowing them to be false, unsubstantiated by any reasonable investigation and the product of hostile witnesses. These acts of publication were known by defendants, and each of them, to be negligent to such a degree as to be reckless. In fact, not only did defendants, and each of them, have no reasonable basis to believe these statements, but they also had no belief in the truth of these statements, and in fact knew the statements to be false. Defendants, and each of them, excessively, negligently, and recklessly published these statements to individuals with no need to know, and who made no inquiry, and who had a mere general or idle curiosity regarding this information.

81.     The above complained-of publications by defendants, and each of them, were made with hatred and ill will towards Plaintiff and the design and intent to injure Plaintiff, Plaintiff's good name, his reputation, employment and employability. Defendants, and each of them, published these statements, not with any intent to protect any interest intended to be protected by any privilege, but with negligence, recklessness and/or an intent to injure Plaintiff and destroy his reputation. Therefore, no privilege existed to protect any of the defendants from liability for any of these aforementioned publications or republications.

82.     As a proximate result of the publication and republication of these defamatory statements by defendants, and each of them, Plaintiff has suffered injury to his personal, business and professional reputation including suffering embarrassment, humiliation, severe emotional distress, shunning, anguish, fear, loss of employment, and employability, and significant economic loss in the form of lost wages and future earnings, all to Plaintiff's economic, emotional, and general damage in an amount according to proof.

83.     Defendants, and each of them, committed the acts alleged herein recklessly, maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiff, for an improper and evil motive amounting to malice (as described above), and which abused and/or prevented the existence of any conditional privilege, which in fact did not exist, and with a reckless and conscious disregard of Plaintiff's rights. All actions of defendants, and each of them, their agents and employees, herein alleged were known, ratified and approved by the defendants, and each of them. Plaintiff thus is entitled to recover punitive and exemplary damages from defendants, and each of them, for these wanton, obnoxious, and despicable acts in an amount based on the wealth and ability to pay according to proof at time of trial.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff prays for judgment against defendants as follows:

1.     Compensatory damages, including emotional distress damages and lost wages and benefits, in a sum according to proof;

2.     General, presumed, and specific damages;

3.     Punitive damages, in a sum according to proof;

4.     Interest on judgment, including prejudgment interest, at the legal rate;

COMPLAINT - 21

5.    Lost wages, including back pay, and front pay, according to proof;

6.    Attorney's fees and costs;

7.    Such other and further relief as the Court may deem just and proper.

Dated:  December 28, 2018                THE MINNARD LAW FIRM

                                        By _____
                                          CARLA V. MINNARD
                                        Attorneys for Plaintiff
                                        JEFFREY MILLER

COMPLAINT - 22

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

September 18, 2018

Carla Minnard
The Minnard Law Firm 4200 Park Blvd., #149
Oakland, California 94602

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 201809-03586218
       Right to Sue: Miller / MIller Paneling Specialites et al.

Dear Carla Minnard:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing


**EXHIBIT A**

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 18, 2018

RE:     **Notice of Filing of Discrimination Complaint**
         DFEH Matter Number: 201809-03586218
         Right to Sue: Miller / MIller Paneling Specialites et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                 GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                      DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

September 18, 2018

Jeffrey Miller
c/o The Minnard Law Firm 4200 Park Blvd. 149
Oakland, California 94602

RE:    **Notice of Case Closure and Right to Sue**
       DFEH Matter Number: 201809-03586218
       Right to Sue: Miller / MIller Paneling Specialites et al.

Dear Jeffrey Miller,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
September 18, 2018 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**

Jeffrey Miller                                         DFEH No. 201809-03586218

                            Complainant,

vs.

MIller Paneling Specialites
450 Douglas Lane
Woodland, California 95776

John Miller
22611 Markey Court, Suite 109
Sterling, Virginia 20166

David Miller
22611 Markey Court, Suite 109
Sterling, Virginia 20166

                            Respondents

---

1. Respondent **MIller Paneling Specialites** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jeffrey Miller**, resides in the City of **Oakland** State of **California.**

3. Complainant alleges that on or about **January 4, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated.

-1-
*Complaint – DFEH No. 201809-03586218*

Date Filed: September 18, 2018

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** Wrongfully terminated

-2-
*Complaint – DFEH No. 201809-03586218*

Date Filed: September 18, 2018

1   VERIFICATION

2   I, **Carla Minnard**, am the **Attorney** in the above-entitled complaint. I have read the
3   foregoing complaint and know the contents thereof. The matters alleged are based
    on information and belief, which I believe to be true.

4   On September 18, 2018, I declare under penalty of perjury under the laws of the State
5   of California that the foregoing is true and correct.

6                                                                              **Oakland, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -3-
                        *Complaint – DFEH No. 201809-03586218*

28   Date Filed: September 18, 2018

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

November 29, 2018

Carla Minnard
The Minnard Law Firm 4200 Park Blvd., #149
Oakland, California 94602

RE:     **Notice to Complainant's Attorney**
        DFEH Matter Number: 201809-03586218
        Right to Sue: Miller / MIller Paneling Specialties

Dear Carla Minnard:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

**In the Matter of the Complaint of**
Jeffrey Miller                                    DFEH No. 201809-03586218

                              Complainant,

vs.

MIller Paneling Specialties
450 Douglas Lane
Woodland, California 95776

John Miller
22611 Markey Court, Suite 109
Sterling, Virginia 20166

David Miller
22611 Markey Court, Suite 109
Sterling, Virginia 20166

                              Respondents

---

1. Respondent **MIller Paneling Specialties** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jeffrey Miller**, resides in the City of **Oakland** State of **California.**

3. Complainant alleges that on or about **January 4, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated.

-1-
*Complaint – DFEH No. 201809-03586218*

Date Filed: September 18, 2018
Date Amended: November 29, 2018

1
2   **Complainant experienced retaliation** because complainant reported or resisted
any form of discrimination or harassment, requested or used california family rights
3   act or fmla, requested or used a disability-related accommodation and as a result
was terminated, denied a work environment free of discrimination and/or retaliation,
4   denied any employment benefit or privilege, denied reasonable accommodation for a
disability, denied family care or medical leave (cfra) (employers of 50 or more
5   people).

6
7   **Additional Complaint Details:** Wrongfully terminated

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
                                    -2-
                    *Complaint – DFEH No. 201809-03586218*
28
Date Filed: September 18, 2018
Date Amended: November 29, 2018

1  VERIFICATION

2  I, **Carla Minnard**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4  
   On November 29, 2018, I declare under penalty of perjury under the laws of the State
5  of California that the foregoing is true and correct.

6                                                                        **Oakland, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                            -3-
                        *Complaint – DFEH No. 201809-03586218*
28
   Date Filed: September 18, 2018
   Date Amended: November 29, 2018

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

December 21, 2018

Carla Minnard
The Minnard Law Firm 4200 Park Blvd., #149
Oakland, California 94602

RE:    **Notice to Complainant's Attorney**
       DFEH Matter Number: 201809-03586218
       Right to Sue: Miller / MIller Paneling Specialties

Dear Carla Minnard:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Jeffrey Miller                                              DFEH No. 201809-03586218

                          Complainant,

vs.

MIller Paneling Specialties
450 Douglas Lane
Woodland, California 95776

John Miller
22611 Markey Court, Suite 109
Sterling, Virginia 20166

David Miller
22611 Markey Court, Suite 109
Sterling, Virginia 20166

MPS Plastic Wall Products, Inc., d/b/a Miller
Paneling Specialties
450 Douglas Lane
Woodland, California 95776

                          Respondents

1. Respondent **MIller Paneling Specialties** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Jeffrey Miller**, resides in the City of **Santa** State of **Idaho.**

3. Complainant alleges that on or about **January 4, 2018**, respondent took the following adverse actions:

Date Filed: September 18, 2018
Date Amended: December 21, 2018

**Complainant was harassed** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over).

**Complainant was discriminated against** because of complainant's family care or medical leave (cfra) (employers of 50 or more people), disability (physical or mental), age (40 and over) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used california family rights act or fmla, requested or used a disability-related accommodation and as a result was terminated, denied a work environment free of discrimination and/or retaliation, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied family care or medical leave (cfra) (employers of 50 or more people).

**Additional Complaint Details:** Wrongfully terminated

-2-
*Complaint – DFEH No. 201809-03586218*

Date Filed: September 18, 2018
Date Amended: December 21, 2018

1

VERIFICATION

2

I, **Carla Minnard**, am the **Attorney** in the above-entitled complaint. I have read the

3

foregoing complaint and know the contents thereof. The matters alleged are based
on information and belief, which I believe to be true.

4

On December 21, 2018, I declare under penalty of perjury under the laws of the State

5

of California that the foregoing is true and correct.

6

**Oakland, CA**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

-3-

*Complaint – DFEH No. 201809-03586218*

28

Date Filed: September 18, 2018
Date Amended: December 21, 2018