UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JEFFREY MILLER,

    Plaintiff,

v.

JOHN MILLER, et al.,

    Defendants.

No. 2:19-cv-00231-MCE-AC

**ORDER**

By way of this action, Plaintiff Jeffrey Miller ("Plaintiff") contends he was wrongfully terminated and discriminated on account of his disability when he was terminated from a business run by his brother and nephew. Plaintiff initiated this action in Yolo County Superior Court after which it was removed to this Court by Defendants John Miller, David Miller, Miller Paneling Specialties, Inc. ("Miller Paneling"), and MPS Plastic Wall Products, Inc. dba Miller Paneling Specialties, ("MPS Plastics"). Presently before the Court is Defendants' Motion to Dismiss (ECF No. 6). All Defendants joined in this Motion, but after reviewing Plaintiff's Opposition, Defendants David Miller and Miller Paneling withdrew the Motion as it pertained to them. Accordingly, the Court will address only the arguments raised by Defendants John Miller and MPS Plastics. Their Motion is hereby GRANTED with leave to amend.[1]

---

[1] Given this Court's disproportionately high case load, and in the interest of conserving judicial

1

Given Plaintiff's failure to address Defendants' service related arguments, it appears he concedes that neither John Miller nor MPS Plastics have been served. Even more importantly, however, Plaintiff has not shown that this Court has personal jurisdiction over either moving Defendant, neither of which are domiciled in California. While Plaintiff argues he was employed by MPS Plastics, it appears he was employed by that entity only to conduct work outside the state of California, and Plaintiff has not shown how MPS Plastics, as opposed to Miller Paneling has the requisite ties to California to support jurisdiction here. And, as Plaintiff concedes, he cannot show that Miller Paneling and MPS Plastics are somehow alter egos of one another. Nor has Plaintiff shown that John Miller, in his leadership roles with MPS Plastics, subjected himself personally to the jurisdiction of this Court. Accordingly, Defendant's Motion (ECF No. 6) is GRANTED with leave to amend consistent with the foregoing.[2] Not later than twenty days following the date this Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed by virtue of this Order will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: April 30, 2019

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant dispute.

[2] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefing in accordance with Local Rule 230(g).

2