UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY MILLER,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN MILLER, DAVID MILLER, MILLER PANELING SPECIALTIES, INC., MPS PLASTIC WALL PRODUCTS, INC. dba MILLER PANELING SPECIALTIES, INC., and DOES 1 through 100, inclusive,<br><br>    Defendants. | No.  2:19-cv-00231-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Jeffrey Miller ("Plaintiff") initiated this wrongful termination and disability discrimination action against Defendants John Miller, David Miller, Miller Paneling Specialties, Inc. ("Miller Paneling"), and MPS Plastic Wall Products, Inc. dba Miller Paneling Specialties, ("MPS Plastics") after his employment with those family-run businesses was terminated.[1]  Presently before this Court is Defendants' Motion to

///

---

[1] This Court previously dismissed Defendants John Miller and MPS Plastics with leave to amend. Plaintiff chose not to file an amended complaint and the claims against those Defendants are thus DISMISSED without further leave to amend.  This action proceeds on Plaintiff's claims against David Miller and Miller Paneling (hereafter "Defendants").

1

Transfer Venue to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404(a). ECF No. 21. For the foregoing reasons, their motion is DENIED.[2]

## ANALYSIS[3]

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of Section 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (internal quotation marks omitted). On a motion to transfer venue, the moving party must make "a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." Hope v. Otis Elevator Co., 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005) (quoting Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986)). The Court has broad discretion in deciding whether such transfer is warranted based on an "individualized, case-by-case consideration of convenience and fairness." Van Dusen, 376 U.S. at 622.

Once the court determines a case could have been brought before the proposed transferee court, it must consider a number of private and public factors relating to the interests of the parties and the judiciary. For example, the court may consider: (1) the plaintiff's choice of forum, (2) the respective parties' contacts with that forum, (3) contacts relating to the plaintiff's cause of action in the forum, (4) the cost of litigation in either forum, (5) the ease of access to sources of proof, (6) the complexity of the governing law, (7) the availability of compulsory process to compel attendance of

---

[2] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Ca. Local Rule 230(g).

[3] Given this Court's disproportionately high case load, and in the interest of conserving judicial resources and expediting a decision in this case, the Court will not recount details with which the parties are intimately familiar. To be clear, the Court has considered all evidence and arguments in the record, but it limits its written decision to only that which is necessary to resolve the parties' instant arguments.

unwilling non-party witnesses, and (8) other factors that, in the interest of justice, impact the convenience or fairness of a particular venue.  Jones v. GNC Franchising, Inc., 211 F.3d 495, 498–499 (9th Cir. 2000).

There is no dispute that this action could have been commenced in the Eastern District of Virginia.  The remaining factors, however, weigh in favor of maintaining the action here.

First, although Plaintiff does not presently reside in California, the operative facts of the case occurred in California as that is where Plaintiff lived and regularly worked during the period in dispute.  Although Plaintiff also worked in other states such as Washington, Virginia, and New York, Plaintiff lived and worked in California for three decades until he sold his home in 2018 after his employment was terminated.  Defendants' argument that Plaintiff officially moved to Idaho in 2016 is not dispositive because Plaintiff still owned his California home and made frequent trips to California to work for Miller Paneling over the following two years.  Moreover, Defendant David Miller is a resident of California, and Defendant Miller Paneling is a California corporation and licensed California contractor, making their contacts with a California forum undeniable.

Second, the convenience of non-party witnesses also supports declining to transfer the case.  The convenience of non-party witnesses is usually the most important factor in the venue transfer analysis.  Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002).  Here, Plaintiff has identified west-coast based witnesses who would be greatly inconvenienced by appearing across the country.  Defendants, to the contrary, identify primarily entity-affiliated witnesses who will suffer no identified inconveniences by traveling to California to testify, especially when Defendant Miller Paneling is a California entity that continues to maintain an office in Woodland.

Third, consideration of the ease of access to sources of proof also is of little assistance to Defendants' arguments.  According to Defendants, Plaintiff's personnel and payroll records and MPS's and Miller Paneling's corporate records are located in Virginia, but with modern technology and discovery methods, such documents can be

easily transferred electronically.  Consequently, any "ease of access to documents [argument] does not weigh heavily in the transfer analysis, given that advances in technology have made it easy for documents to be transferred to different locations." Metz v. United States Life Ins. Co., 674 F. Supp. 2d 1141, 1149 (C.D. Cal. 2009) (quotation omitted).  The Court, therefore, lends little credence to Defendants' contention in this regard in assessing venue.

Finally, the interests of justice favor maintaining this case here.  Although Miller Paneling's headquarters and principal place of business are in Virginia, it has done business in California for years and is a signatory to the Northern California Carpenters Union.[4]  Moreover, Plaintiff's state claims are governed by California law.  The Court thus concludes California has a greater interest in the outcome of this litigation than does Virginia.

Having weighed each of the factors that inform the analysis, the Court concludes that, on balance, transfer would be inappropriate.

## CONCLUSION

For the reasons stated above, Defendants' Motion to Transfer Venue (ECF No. 21) is DENIED.

IT IS SO ORDERED

Dated:  May 4, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[4] The Court has also considered Defendants' arguments with regard to the congested dockets impacting this district.  That factor alone is insufficient, however, to warrant transfer of this matter to another district under the circumstances of this case.

4